**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| STEPHANIE TIESEL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 10-CV-753-GKF-PJC |
| | ) |
| CREEK COUNTY JAIL MEDICAL, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

On November 24, 2010, Plaintiff, a state prisoner appearing *pro se*, filed a 42 U.S.C. § 1983 civil rights complaint (Dkt. # 1), and a motion to proceed *in forma pauperis* (Dkt. # 2). For the reasons discussed below, the Court finds Plaintiff's motion to proceed *in forma pauperis* shall be granted. Nonetheless, Plaintiff is responsible for payment of the full $350 filing fee in monthly installments. In addition, the complaint fails to state a claim upon which relief may be granted and is subject to dismissal. Before this action may proceed, Plaintiff shall be required to file an amended complaint should she be able to cure the deficiencies identified herein.

**A. Motion to proceed *in forma pauperis***

Upon review of Plaintiff's motion for leave to proceed *in forma pauperis*, the Court finds that Plaintiff has been without funds in her institutional account(s) for the period immediately preceding the filing of the complaint and is currently without funds sufficient to prepay the $350 filing fee required to commence this action. Accordingly, the Court finds Plaintiff is entitled to proceed without prepayment of the filing fee, and her motion for leave to proceed *in forma pauperis* shall be granted. However, pursuant to 28 U.S.C. §1915(b)(1), Plaintiff shall be required to pay the full $350 filing fee as set forth hereafter.

Plaintiff shall make monthly payments of 20 percent of the preceding month's income credited to her institutional account(s) until she has paid the total filing fee of $350.[1] 28 U.S.C. § 1915(b)(2). The Court will enter an order directing the agency having custody of Plaintiff to collect and forward such monthly payments to the Clerk of the Court each time the amount in the account exceeds $10 until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2). Interference by Plaintiff in the submission of these funds shall result in the dismissal of this action.

Plaintiff is advised that notwithstanding any filing fee, or any portion thereof, that may have been paid, the Court shall dismiss at any time all or any part of such complaint which (1) is frivolous or malicious; (2) fails to state a claim on which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A, 1915(e). Plaintiff is further advised that such monthly payments will continue to be collected until full payment of the filing fee has been received by the Court even after disposition of the case and regardless of whether relief is granted or denied.

**B. Complaint is subject to dismissal**

To avoid dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. A court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff. Id. at 555. However, "when the allegations

---

[1] The Court notes that this is the fourth civil rights action commenced by Plaintiff in a 6-week time period. Plaintiff is obligated to pay in monthly installments the full filing fee for each of the four cases, now totaling $1,400.00.

in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the cause of action should be dismissed. Id. at 558.

A *pro se* plaintiff's complaint must be broadly construed under this standard. Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). The generous construction to be given the *pro se* litigant's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). A reviewing court need not accept "mere conclusions characterizing pleaded facts." Bryson v. City of Edmond, 905 F.2d 1386, 1390 (10th Cir. 1990); see also Twombly, 550 U.S. at 555 ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (quotations and citations omitted)). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-1174 (10th Cir. 1997).

**1. Plaintiff's complaint fails to state a claim upon which relief may be granted**

In her complaint (Dkt. # 1), Plaintiff states that "when I came here, I was put on my neauraditions [sic] and wellbeautrons [sic] I've been on for yrs in the streets and prison. I've been took [sic] off both meds for somethin [sic] had nothin [sic] to do with me." (Dkt. # 1). Plaintiff identifies two (2) claims against Defendant "Creek County Jail Medical," as follows:

Count 1:   Malpractice.
I've been took [sic] off my meds by medical here. Due to I/Ms haven [sic] the same meds in there [sic] possetion [sic]. I'm not the only one in this jail who take [sic] the same meds. I was on mine in the streets. I got my psych meds from Family & Children's on North Harvard. I'm in a holdin [sic] cell. I'm not in G.P. Some guys was [sic] caught passen [sic] meds had nothin

3

>> [sic] to do with me and because they got caught I get took [sic] off my meds. Had nothin [sic] to do with me and was not mine. I'm in a cell. I can't get to them.
>
> Count 2: Mental anguish.
>> Medical took me off for meds I didn't get caught with. You can't (1) make someone go cold turkey on wellbeautrous [sic]. I been on them [sic] meds for a long time. No-ones [sic] caught me with meds or caught me passen [sic] to anyone.

(Dkt. # 1). In her request for relief, Plaintiff asks for "150,000 for taken [sic] me off my meds and fire to [sic] staff members who authorized it and wrote the lie about it." Id.

Plaintiff fails to identify a constitutional basis for either claim. Nonetheless, even giving Plaintiff's complaint liberal construction, the Court finds it fails to state a claim. The focus of Plaintiff's complaint is the adequacy of the medical care being provided at Creek County Jail. It is unclear from the complaint whether Plaintiff had been convicted or whether she was a pretrial detainee at the time of the incidents giving rise to these claims. While the conditions under which a convicted prisoner is held are subject to scrutiny under the Eighth Amendment, the conditions under which a state pretrial detainee is confined are scrutinized under the Due Process Clause of the Fourteenth Amendment. See Bell v. Wolfish, 441 U.S. 520, 535 n. 16 (1979). Even though the due process clause governs a pretrial detainee's claim of unconstitutional conditions of confinement, the Eighth Amendment standard nonetheless provides the benchmark for such claims. Craig v. Eberly, 164 F.3d 490, 495 (10th Cir. 1998) (citation omitted). "The Eighth Amendment requires jail officials to provide humane conditions of confinement by ensuring inmates receive the basic necessities of adequate food, clothing, shelter, and medical care and by taking reasonable measures to guarantee the inmates' safety." Id. (quotation omitted).

In order for a prison inmate to prevail under 42 U.S.C. § 1983 on a claim of medical mistreatment, the inmate must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976); Green v. Branson, 108 F.3d 1296, 1303 (10th Cir. 1997). The deliberate indifference standard has two components:

> an objective component requiring that the pain or deprivation be sufficiently serious; and a subjective component requiring that the offending officials act with a sufficiently culpable state of mind. With regard to the subjective component, allegations of inadvertent failure to provide adequate medical care or of a negligent diagnosis simply fail to establish the requisite culpable state of mind.

Miller v. Glanz, 948 F.2d 1562, 1569 (10th Cir. 1991) (citations and quotations omitted). Claims of medical negligence in a diagnosis or choice of therapy are not actionable under § 1983. See Green, 108 F.3d at 1303. Stated another way, "negligent failure to provide adequate medical care, even one constituting medical malpractice, does not give rise to a constitutional violation." Perkins v. Kan. Dep't of Corrections, 165 F.3d 803, 811 (10th Cir. 1999); see also Estelle, 429 U.S. at 106; Self v. Crum, 439 F.3d 1227 (10th Cir. 2006). "[A] prisoner who merely disagrees with a diagnosis or a prescribed course of treatment does not state a constitutional violation." Oxendine v. Kaplan, 241 F.3d 1272, 1277 n.7 (10th Cir. 2001) (internal citations and quotation marks omitted).

In this case, Plaintiff's allegations suggest that the medications at issue may have been obtained for treatment of a psychiatric condition. However, she has not specifically identified a serious medical condition. Furthermore, she has failed to allege facts sufficient to satisfy the subjective component of the deliberate indifference standard. Plaintiff has presented no facts suggesting that anyone at the Creek County Jail acted with deliberate indifference. She complains only of medical malpractice. However, as stated above, an allegation of medical malpractice fails

5

to state a constitutional violation. Therefore, the Court finds that Plaintiff's claim of inadequate medical care, as asserted in the complaint, does not state a constitutional violation and is subject to being dismissed for failure to state a claim upon which relief may be granted.

### 2. "Creek County Jail Medical" is not a suable entity

The only defendant named in this action, "Creek County Jail Medical," is not a proper defendant and is subject to being dismissed from this action. While a city, county, or municipality may be named as a defendant in a civil rights action, numerous courts have held that governmental sub-units or departments are not separate suable entities and are not proper defendants in a § 1983 action. Martinez v. Winner, 771 F.2d 424, 444 (10th Cir. 1985), *vacated on other grounds*, Tyus v. Martinez, 475 U.S. 1138 (1986); Johnson v. City of Erie, 834 F. Supp. 873, 878 (W.D. Pa. 1993); PBA Local No. 38 v. Woodbridge Police Dept., 832 F. Supp. 808, 826 (D. N.J. 1993); see also Ketchum v. Albuquerque Police Dept., No. 91-2200, 1992 WL 51481, at *2 (10th Cir. Mar. 12, 1991) (unpublished) (a municipal police department is not a suable entity because it lacks a legal identity apart from the municipality); Arps v. Eddie Warrior Correctional Center, Case No. CIV-05-892-C, 2006 WL 1451245, at *1, 4 (W.D. Okla. May 18, 2006) (unpublished) (citing cases for position that a prison facility, like a jail, lacks the capacity to be sued). In this case, "Creek County Jail Medical" may be a department of and/or operated by Creek County. However, the department itself is not a separate suable entity. If Plaintiff chooses to file an amended complaint, she shall name appropriate defendant(s).

### 3. No basis for money damages

As part of her request for relief, Plaintiff asks to recover damages in the amount of "150,000 for taken [sic] me off my meds." See Dkt. # 1. She claims only that she has suffered "mental

6

anguish." That allegation, however, is insufficient to entitle Plaintiff to recover money damages. Mental or emotional stress, without physical injury, is insufficient to state a § 1983 claim based on conditions of confinement. See 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."); Thompson v. Gibson, 289 F.3d 1218, 1222 (10th Cir. 2002) ("As to [plaintiff's] claim for emotional distress, no § 1983 action can be brought unless the plaintiff has suffered physical injury in addition to mental and emotional harms.") (citing 42 U.S.C. § 1997e(e)). Nothing in the complaint suggests that Plaintiff has suffered physical injury. As a result Plaintiff's request for damages for "mental anguish" is subject to dismissal.

### 4. Opportunity to amend

For the reasons cited above, this 42 U.S.C. § 1983 action is subject to dismissal for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). However, should Plaintiff be able to clarify her claims or otherwise cure the deficiencies identified herein, she may file an amended complaint within thirty (30) days of the entry of this Order. Should Plaintiff fail to file an amended complaint by the deadline specified below, this action will be dismissed without prejudice.

### C. Service documents

If this action proceeds, the Court may direct service of process by the U.S. Marshal. In order for the U.S. Marshal to effect service, an indigent plaintiff is required to complete and submit one summons and one USM-285 Marshal service form for each named defendant. Plaintiff has submitted one summons and one USM-285 Marshal service form for service on "Creek County Jail Medical."

As determined above, "Creek County Jail Medical" is not a suable entity. Therefore, if Plaintiff files an amended complaint, she will be required to name appropriate defendant(s) and provide a properly completed summons and USM-285 service form for each named defendant. The Clerk of Court is not authorized to provide names and/or service addresses.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Plaintiff's motion to proceed *in forma pauperis* (Dkt. # 2) is **granted**. Nonetheless, Plaintiff is responsible for payment of the full $350.00 filing fee in monthly installments as mandated by 28 U.S.C. § 1915(b).

2. The 42 U.S.C. § 1983 complaint is subject to dismissal for failure to state a claim upon which relief may be granted. Unless Plaintiff files an amended complaint within thirty (30) days of the entry of this Order, or by **January 3, 2011**, curing the deficiencies identified herein, this action will be dismissed for failure to state a claim.

3. If Plaintiff files an amended complaint, she shall also submit a properly completed summons and USM-285 Marshal form for each named defendant by the above-referenced deadline.

4. The Clerk of Court shall send Plaintiff a blank 42 U.S.C. § 1983 civil rights complaint (form PR-01) marked "amended" and identified as Case No. 10-CV-753-GKF-PJC, along with two (2) blank summonses and two (2) blank USM-285 Marshal service forms.

**Failure to comply with this order will result in the dismissal of this action without prejudice and without further notice.**

DATED THIS 2nd day of December, 2010.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma

8